UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL SAIZAN** | * CASE NO.: |
| | * |
| **Plaintiff** | * JUDGE: |
| | * |
| **VERSUS** | * MAGISTRATE JUDGE: |
| | * |
| | * |
| **ALLSTATE** | * SECTION: " " |
| **INSURANCE COMPANY** | * |
| | * |
| **Defendant** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Russell Saizan, who respectfully submits the following:

### PARTIES

1.

Made Plaintiff herein is Russell Saizan (hereinafter "Plaintiff"), an individual over the age of majority and a resident of St. Tammany Parish, State of Louisiana.

2.

Made defendant herein is Allstate Insurance Company (hereinafter "Allstate"), a foreign insurance company authorized to do and doing business in the State of Louisiana which may be served through its registered agent for service of process, the Louisiana Secretary of State.

### JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and § 1441 because

complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. § 1391(b) venue is proper in the Eastern District of Louisiana because the property that is subject of this action and where the damages were sustained are both within the Eastern District of Louisiana.

## FLOOD INSURANCE CLAIM

5.

At all relevant times, Plaintiff owned the property located at 2018 Old River Road, Slidell, Louisiana 70461 (the "Property").

6.

At all relevant times, Allstate Insurance Company had in full force and effect a certain policy of flood insurance naming Plaintiff as policy holder and providing flood coverage through the National Flood Insurance Program for the Property.

7.

Under the terms and provisions of the said insurance policy, further identified as Policy No. 480414788 (the "Flood Policy"), Plaintiff became entitled to coverage against certain perils associated with flooding, in the event that the building, structure, and contents owned by Plaintiff, located at 2018 Old River Road, Slidell, Louisiana 70461, should become damaged or rendered a total loss as a result of impact or injury suffered as a result of such perils.

8.

The Flood Policy provided Dwelling coverage limits of $250,000 and Contents coverage limits of $100,000 with a Deductible of $1,250.

9.

At all relevant times, the Flood Policy was in full force and effect with the annual premium having been paid in full.

10.

On or around June 19, 2021, Tropical Storm Claudette came ashore along the southeast coast of the Gulf of Mexico and produced gusty winds, heavy rain and flash flooding.

11.

Tropical Storm Claudette produced prolonged rainfall over Slidell, Louisiana area which resulted in flooding that inundated numerous houses and businesses. As a result, Plaintiff's house, structure, and its contents were substantially damaged and devastated as a result of the flooding associated with that prolonged rainfall.

12.

As soon as practicable, Plaintiff promptly took steps to document and mitigate the damage to the building, structure, and contents.

13.

Plaintiff promptly reported the loss to Allstate which assigned a claim number, 0630440311 (the "Flood Claim"). He relayed specific facts concerning the flooding and his damages, and he submitted photographic evidence of the flood damage to his house and its contents to Allstate. Subsequently, a period of analysis and adjustment of Plaintiff's claim followed.

14.

On June 23, 2021 Allstate sent an adjuster to inspect the Property and document the

damage to the building and its contents. The adjuster was given full access to the Property and his inspection was not limited by Plaintiff in any way. While at the Property, the adjuster took numerous photographs of the flood damage to the building and its contents.

15.

The inspection of the Property by Allstate constituted satisfactory proof of loss.

16.

After inspecting the damage to Plaintiff's house and its contents, Allstate agreed to pay for flood damage located from the floor to a height of four feet throughout the house, and for contents damaged by the flood water.

17.

Allstate acknowledged its responsibility to pay Plaintiff a sum of money to compensate him for his losses which he sustained as a result of the flooding from Tropical Storm Claudette and were compensable under the Flood Policy. Allstate initially offered approximately $7,000 for Plaintiff's flood-related losses at the Property. Plaintiff rejected Allstate's initial offer as it was too low.

18.

Then, on or around June 30, 2022, Allstate sent Plaintiff a partial payment of $38,597.95 for his losses in connection with the June 2021 flood loss less his deductible. Allstate made this partial payment over a year after the June 19, 2021 flood loss.

19.

Allstate's adjustment of the Flood Claim was unreasonably low, unrealistic, and failed to provide Plaintiff sufficient funds to perform the needed repairs to the Property and to replace contents damaged by flooding from Tropical Storm Claudette.

20.

With the help of his insurance agent, Plaintiff put together and submitted a supplemental claim with a demand for payment totaling $149,083.49 for his extensive contents losses which included household appliances, furniture, clothing, personal property items, housewares, kitchen ware, tools, lawn garden and patio items.

21.

This demand described above all constituted satisfactory proof of loss.

22.

To date, and despite being provided with satisfactory proofs of loss, Allstate has chosen to underpay the claims.

23.

Allstate failed to explain its denial or refusal to unconditionally tender the amounts owed to Plaintiff under the terms of the Flood Policy.

24.

Plaintiff has attempted to recover the full value of his covered damages and/or insurance proceeds due from Allstate to no avail.

25.

Plaintiff has satisfied all conditions precedent to coverage under the Policy, including but not limited to providing notice of loss and proofs of loss to Allstate and fully cooperating with Allstate in its adjustment of the Loss.

26.

To the extent Plaintiff has not satisfied any conditions precedent to coverage under the Flood Policy, it is only because Plaintiff was unable to do so despite his best efforts and

reasonable diligence.

27.

Allstate's failure to comply with the terms of the Flood Policy caused and continues to cause significant delay to the repair of the Property and additional cost, mental pain and anguish, and general and/or special damages to Plaintiff.

**COUNT 1 DECLARATORY RELIEF - FLOOD**

28.

Plaintiff re-alleges and re-avers the allegations set forth in Paragraphs 1 through 27 above, as if restated herein.

29.

The Flood Policy insures against direct physical loss of or damage to covered property resulting from flood, unless otherwise excluded. None of the exclusions of the Flood Policy apply to preclude coverage for the flood-related damages submitted for coverage under the Flood Policy.

30.

Pursuant to the terms of the Flood Policy, coverage is provided for the flood related damages. However, Allstate has refused to pay Plaintiff for the full amount of flood related losses incurred, and, therefore, there presently exists an actual controversy between Plaintiff and Allstate concerning whether Plaintiff's loss is covered.

31.

Plaintiff seeks a declaration that Allstate is obligated to pay his claims loss and damages, less any applicable deductible amount.

## COUNT 2 BREACH OF CONTRACT - FLOOD

32.

Plaintiff re-alleges and re-avers the allegations set forth in Paragraphs 1 through 27 above, as if restated herein.

33.

An insurance contract, the Flood Policy, exists between Plaintiff and Allstate Insurance Company and provides coverage for perils including flood.

34.

Pursuant to the terms and conditions of the Flood Policy, Allstate is obligated to pay Plaintiff for his flood damage loss to the full extent for flood-related damages, minus any applicable deductible amount.

35.

Plaintiff provided timely and satisfactory proofs of his losses to Allstate, which has, contrary to the terms of its Flood Policy, failed to timely tender adequate insurance proceeds to pay for all flood-related damages.

36.

Allstate breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of Allstate.

37.

Allstate breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted by or on behalf of Plaintiff.

38.

As a result of Allstate's breach of the Flood Policy, Plaintiff has and will incur substantial costs that he would not have otherwise had to incur.

39.

By reason of the foregoing, Allstate is liable to Plaintiff for breach of contract and damages, the exact amount to be proven at trial, including, but not limited to, the amount of Plaintiff's loss and damages covered under the Flood Policy above any applicable deductible.

## DAMAGES

40.

Plaintiff re-alleges and re-avers the allegations set forth in Paragraphs 1 through 39 above, as if restated herein.

41.

As a result of Allstate Insurance Company's breaches of contract, bad faith claims, adjusting, and other bad acts, Plaintiff has incurred the following non-exclusive damages:

    a. Diminution in value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Damages to personal property/contents;

    f. Additional living/loss of use expenses;

    g. Mental anguish; and

    h. Attorney's fees, other professional fees, and litigation costs associated with the

bringing of this action.

42.

Plaintiff prays for a jury trial.

**WHEREFORE**, Plaintiff prays that a certified copy of this lawsuit be served upon Defendant, who be cited to appear and answer same, and that after legal delays and due proceedings are had, there be judgment herein in favor of plaintiff, Russell Saizan, and against defendant, Allstate Insurance Company, for: determination and declaration that Allstate must pay Plaintiff for his flood-related damages; that Allstate be held contractually obligated to pay Plaintiff the amount of damages sustained for his flood-related loss above his deductible; and that Plaintiff receive all legally authorized and allowable damages in the premises, including reasonable attorney fees and costs, with legal interest on all amounts due from the date of judicial demand until paid. Plaintiff further prays for all general and equitable relief.

Date submitted: 02/28/2023        Respectfully submitted,

_s/ Bruce C. Betzer_
BRUCE C. BETZER (Bar Roll #26800)
The Law Office of Bruce C. Betzer
A Professional Limited Liability Company
3129 Bore Street
Metairie, LA 70001
(504) 832-9942 Phone
(504 304-9964 Fax
bruce@brucebetzer.com

LEONOR E. PRIETO (Bar Roll #31530)
Prieto Law Firm, L.L.C.
110 Veterans Memorial Blvd., Suite 200A-2
Metairie, LA  70005
(504) 408-1309 Phone
(877) 935-4842 Fax
lee@prietolawfirmllc.com

*Attorneys for Plaintiff Russell Saizan*

**PLEASE SERVE:**
**Allstate Insurance Company**
*through its registered agent for service of process*,
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809